## WOODRUFF & Co. *v.* UNITED STATES (No. 195).[1]

SHIRTS WITH EMBROIDERED INITIALS.

Initials embroidered on cotton shirts makes of the shirts embroidered articles, and the importation was dutiable as such under paragraph 339, tariff act of 1897.

United States Court of Customs Appeals, October 12, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York, Abstract 22650 (T. D. 30314).

[Affirmed.]

*Brown & Gerry* for appellants.

*D. Frank Lloyd,* Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

Before MONTGOMERY, SMITH, and BARBER, Judges.

SMITH, Judge, delivered the opinion of the court:

The firm of A. J. Woodruff & Co. imported at the port of New York certain cotton shirts for men, embroidered below the waist line

---

[1] Reported in T. D. 31942 (21 Treas. Dec., 361).

with initials for the identification of the garments. This merchandise was classified by the collector of customs as embroidered cotton wearing apparel and he accordingly assessed it for duty at 60 per cent ad valorem under paragraph 339 of the tariff act of July 24, 1897, the part of which material to this case reads as follows:

339. * * * Embroideries and all trimmings, * * *; wearing apparel, handkerchiefs, and other articles or fabrics embroidered in any manner by hand or machinery, whether with a letter, monogram, or otherwise; * * * all of the foregoing, composed wholly or in chief value of flax, cotton, or other vegetable fiber, and not elsewhere specially provided for in this act, * * * sixty per centum ad valorem: *Provided*, That no wearing apparel or other article or textile fabrics, when embroidered by hand or machinery, shall pay duty at a less rate than that imposed in any schedule of this act upon any embroideries of the materials of which such embroidery is composed.

The importing firm protested that the shirts were not embroidered within the meaning of paragraph 339 or the proviso thereof and that they were dutiable either at 45 per cent ad valorem as manufactures of cotton or other vegetable fiber under paragraphs 322 and 347 or at 50 per cent ad valorem as wearing apparel composed of cotton or other vegetable fiber under the provisions of paragraph 314, which in part reads as follows:

314. Clothing, ready-made, and articles of wearing apparel of every description, including neck-ties or neckwear composed of cotton or other vegetable fiber, or of which cotton or other vegetable fiber is the component material of chief value, made up or manufactured, wholly or in part, by the tailor, seamstress, or manufacturer, and not otherwise provided for in this act, fifty per centum ad valorem: * * *.

The Board of General Appraisers overruled the protest and the importers appealed.

The goods were returned by the appraiser as "embroidered cotton wearing apparel."

It is established by the evidence in the case that the goods involved in the appeal are men's shirts made of cotton and that below the waist line near the lower left-hand corner of the bosom there are initial letters in red thread worked in by the needle. These initials are raised above the surface of the cloth and an examination of the illustrative samples in evidence clearly shows that they are made with an embroidery stitch and that they are in truth and in fact embroidered. Indeed they are so designated by the importer himself, who was the only witness who appeared on the hearing. Notwithstanding the fact, however, that the shirts are truly embroidered with these initials counsel for the appellants contend that such an embroidery on the shirts does not constitute "wearing apparel embroidered in any manner" within the meaning of paragraph 339. In this behalf it is argued that the embroidery must be ornamental and not utilitarian in character and that as the initials are designed solely for the utilitarian purpose of identification and are so placed

on the shirt that they can not be seen when the garment is worn they are in no sense ornamental. We can not agree with this contention of the importers. The initials are not plain or ordinary in character. They are embroidered initials made with the true embroidery stitch and are something more than the plain or ordinary initial produced by the stamp or stencil. They are more attractive and more pleasing to the eye than letters less elaborately produced, and must therefore be regarded as ornamental letters as contradistinguished from less pretentious productions. Even if the embroidery must be ornamental in order to constitute an embroidery, the initials on the shirt clearly and unmistakably fall within that class.

Counsel for the importers, however, insist, in effect, that however ornamental the initials in themselves may be, they are no ornament to the shirt and serve only a useful purpose. That we can not concede. They are an addition to the shirt which contributes to its beauty and elegance, and to that extent they are ornamental within the definition of that word. To the shirt they give an appearance which the stenciled or stamped initial could not give—an appearance, by the way, calculated and designed to catch and please the eye of the purchaser. It can scarcely be said, therefore, that the sole object of the initials is utilitarian. Indeed it appears from the evidence that such initials are not put on the ordinary shirt. The Circuit Court of Appeals for the Second Circuit, in the case of United States v. Harden (68 Fed. Rep., 182), held that handkerchiefs composed of cotton, hemstitched and embroidered with an initial, were not classified in the speech of commerce as embroidered, and that the embroidery of a single letter thereon was so limited in extent that the handkerchiefs should not be regarded as embroidered. The principle laid down in this case was subsequently affirmed in the case of United States v. Amster (71 Fed. Rep., 958). Subsequent to these decisions, however, Congress, by the tariff act of July 24, 1897, broadened the language of the tariff act of 1890 so as to cover not only wearing apparel "embroidered by hand or machinery," but also wearing apparel "embroidered in any manner by hand or machinery, whether with a letter or monogram or otherwise." In the light of this change it would seem that the only question to be determined in this case is, Are the initials embroidered? As that fact is substantially admitted, or at all events clearly shown by the evidence, it would seem that there is nothing left to the case. The conclusion here reached is not in conflict with the decision of the Circuit Court of Appeals in the case of Morris European & American Express Co. v. United States (T. D. 28170), in which case the Circuit Court of Appeals adopted the views of the dissenting opinion and reversed the board. In that case General Appraiser De Vries, who dissented, found that the initials were

stitched in by a process which was not of the character or nature of embroidery. The same general appraiser who dissented in that case finds that the initials in this case are embroidered.

The decision of the Board of General Appraisers is *affirmed.*

DE VRIES, Judge, having participated in the decision below, did not sit.